# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: JUROR QUESTIONNAIRES IN UNITED STATES V. STONE<br><br>MICHAEL CERNOVICH,<br><br>               Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA, ROGER JASON STONE, JR.,<br><br>           Respondents. | **Case No. 20-mc-00016-ABJ** |

**MOTION FOR LEAVE TO FILE BRIEF OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND 21 MEDIA ORGANIZATIONS AS AMICI CURIAE IN SUPPORT OF MOTION FOR ACCESS TO JURY QUESTIONNAIRES**

Proposed amici curiae, the Reporters Committee for Freedom of the Press ("Reporters Committee"), The Associated Press, BuzzFeed, Courthouse News Service, The E.W. Scripps Company, Fox Television Stations, LLC, Gannett Co., Inc., International Documentary Assn., Investigative Reporting Workshop at American University, The Media Institute, MediaNews Group Inc., MPA - The Association of Magazine Media, National Press Photographers Association, The New York Times Company, The News Leaders Association, POLITICO LLC, Radio Television Digital News Association, Reveal from The Center for Investigative Reporting, Society of Environmental Journalists, Society of Professional Journalists, Tully Center for Free Speech, and The Washington Post (collectively, "amici") respectfully move this Court under Local Civil Rule 7(o) for leave to file the attached amici curiae brief in support of Proposed

Intervenor's motion for access to jury questionnaires (ECF 4).  The proposed amici brief and a

proposed order are attached to this motion.

1.      This Court "has broad discretion to permit . . . participat[ion] [of] amici curiae," and

amicus participation is appropriate where amici have "relevant expertise and a stated concern for

the issues at stake in [the] case." *Dist. of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d

227, 237 (D.D.C. 2011).  An amicus brief should "'normally be allowed when . . . the amicus has

unique information or perspective that can help the court beyond the help that the lawyers for the

parties are able to provide.'"  *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)); *see also Jin*

*v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (same).

2.      Lead amicus, the Reporters Committee, is an unincorporated nonprofit association.  The

Reporters Committee was founded by leading journalists and media lawyers in 1970, when the

nation's news media faced an unprecedented wave of government subpoenas, forcing reporters

to name confidential sources.  Today, its attorneys provide pro bono legal representation, amicus

curiae support, and other legal resources to protect First Amendment freedoms and the

newsgathering rights of journalists.[1]

3.      As news outlets and organizations devoted to defending First Amendment freedoms,

including the rights of journalists and media organizations to gather and report the news, amici

have a powerful interest in ensuring that the public and press are able to access court proceedings

and records.  Juries play a critical role in criminal trials, and the public has a strong interest in

---

[1]      Descriptions of each of the other amici are included below in Appendix A to the
proposed amici brief.

understanding and monitoring the jury selection process.  The news media rely on access to both

in-person voir dire and written jury questionnaires to inform the public about this process.

4.      The proposed amici brief discusses the benefits of public access to criminal proceedings,

including voir dire, from the news media's perspective.  The brief highlights examples of how

members of the press, like amici, contribute to public understanding of the criminal justice

system and promote confidence in that system by reporting on jury selection.  The brief also

addresses the First Amendment presumptive right of access to voir dire, which encompasses

access to jury questionnaires, and highlights the importance of public access to corresponding

jury identification numbers so that the public can understand how seated jurors responded.

5.       Although any member of the public can seek access to these jury questionnaires, amici

are uniquely positioned to provide the Court with information and insight based on their

experience covering criminal proceedings, including *voir dire*, and in advocating for access to

judicial records and proceedings on behalf of the news media and public.

6.      The Reporters Committee sought consent to file this amici brief from counsel for all

parties and Proposed Intervenor.  The government, Jurors A–L and Proposed Intervenor

consented.  The defendant represented through counsel that he takes no position.

Dated: March 19, 2020

Respectfully submitted,

_____/s/_____

Katie Townsend
(D.C. Bar No. 1026115)
  *Counsel of Record for Amici Curiae*
Sarah Matthews*
Reporters Committee for
Freedom of the Press
1156 15th Street NW, Ste. 1020
Washington, D.C. 20005
Telephone: 202.795.9300
ktownsend@rcfp.org

*Counsel for Amici Curiae*

*\*Of counsel*