UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IN RE: JUROR QUESTIONNAIRES<br>IN UNITED STATES v. STONE<br><br>**Defendant.** | Misc. No. 1:20-mc-0016-ABJ |

**GOVERNMENT'S RESPONSE TO PETITIONER MICHAEL CERNOVICH'S
REQUEST FOR PUBLIC ACCESS TO JUROR QUESTIONNAIRES**

Petitioner Michael Cernovich moves this Court for an order granting public access to the written answers on jury questionnaires used in voir dire, along with the juror identification number of the foreperson, in the case of *United States v. Roger Stone*, Case No. 1:19-cr-0018 (ABJ) ("*Stone*"). *See* ECF No. 4, Attachment No. 1. *Amici* press organizations, represented by the Reporters' Committee for Freedom of the Press, support the request. *See* ECF No. 15. The defendant, Roger Stone, has taken no position.

The petitioner's motion should be granted in part and denied in part. The public interest in accessing voir dire is substantial, and must be balanced with the criminal justice system's interest in protecting jurors from harassment and intimidation. In order to strike this balance, the public should be granted access to jury questionnaires and voir dire transcripts, which should be redacted to shield the jurors' identities. And although no juror, including the foreperson, should be publicly identified, the public should be granted access to the forepersons's juror identification number or some other mechanism that would allow the public to associate the foreperson's jury questionnaire with the foreperson's voir dire responses.

## **LEGAL PRINCIPLES**

The public has a presumptive First Amendment right of access to criminal trials, which extends to the jury selection process because of its importance both to the parties and to the criminal justice system's proper functioning. *See Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 505 (1984). The public has a compelling interest in "learn[ing] whether the seated jurors are suitable decision-makers." *United States v. Blagojevich*, 612 F.3d 558, 561 (7th Cir. 2010). Jury questionnaires, which "merely facilitate and streamline voir dire" are part and parcel of the jury selection process; there is no meaningful distinction between questionnaires and in-person voir dire. *In re Jury Questionnaires*, 37 A.3d 879, 886 (D.C. 2012) (collecting federal and state caselaw).

The public's presumptive right of access to voir dire, however, must be weighed against the criminal justice system's interest in safeguarding juror privacy and protecting jurors from harassment, particularly in trials subject to intense media and other scrutiny. *See United States v. Aguiar*, 894 F.3d 351, 355 (D.C. Cir. 2018); *see also United States v. Bruno*, 700 F. Supp. 2d 175, 182 (N.D.N.Y. 2010) ("The interest in protecting jurors' privacy rights strengthens the integrity of our justice system by assuring their rights to safety and privacy and by encouraging candor of impaneled and prospective jurors and future venire.") (citing *United States v. King*, 140 F.3d 76, 79 (2d Cir. 1998)). The Court has explicitly validated the importance of balancing the public right of access and juror privacy and security in this case, observing during a February 25, 2020, hearing related to the defendant's second motion for new trial:

> [A]ny attempts to invade the privacy of the jurors or to harass and intimidate them is completely antithetical to our entire system of justice in which the accused has a constitutional right to a trial by jury. And members of the public are called upon to give that right effect by showing up for jury selection and by serving if selected.

> While judges may volunteer for their positions and any public attention that comes along with them, jurors are not volunteers. They are deserving of the public's respect, and they deserve to have their privacy protected, and attempts to disregard that for personal or political gain can have a significant chilling effect on the willingness of other members of the public to show up when they're summoned in the future. This hurts everyone who may depend on his or her right to a jury trial someday.

*Stone* 2/25/2020 Tr. 12.

## BALANCING PUBLIC ACCESS AND JURY PRIVACY IN THE *STONE* CASE

As the Court has observed, the *Stone* case was (continues to be) "indisputably a widely publicized case," *Stone* 2/25/2020 Tr. 9, in which from the outset there existed concerns over juror harassment and intimidation. Accordingly, consistent with the legal principles set forth above—and without objection—jury selection in the *Stone* case occurred in an open courtroom with juror identities and privacy rights protected by (1) the assignment of a number, (2) the sealing of juror questionnaires, and (3) individualized voir dire occurring at the bench. Moreover, during the trial of the case itself, seated jurors were escorted to and from the courthouse each day by U.S. Marshals.

After the jury's verdict, the defendant filed under seal a first motion for new trial contesting the Court's decision on certain for cause challenges. *See Stone* ECF No. 266. The Court issued a public order denying the motion, in which it described written and oral responses by jurors in voir dire, but redacted any information that might personally identify the jurors at issue. *See Stone* ECF No. 288. The Court also ordered the parties to submit proposed redactions to its sealed pleadings consistent with that approach. *Id.*

The defendant filed a second new trial motion, also under seal, in which it claimed, essentially, that the jury foreperson was unfairly biased and misrepresented that bias during voir dire. *See Stone* ECF No. 299. The Court held a hearing on the motion on February 25, 2020, in

3

which it partially closed the courtroom based on thorough findings under *Waller v. Georgia*, 467 U.S. 39 (1984).  *See Stone* 2/25/20 Tr. at 15-19.  Based on public and sealed information, the Court determined "that there is a specific and significant interest in juror safety and freedom from harassment and intimidation that overrides the defendant's interest and the public interest in an entirely open proceeding," and that "[m]aking the jurors' names or physical appearance known to the public [during the hearing] would put them at substantial risk of harm."  *Id.* at 16 (citing *Stone* ECF Nos. 279, 355-1).  In light of this determination, the Court held the hearing, including testimony from the foreperson—who had previously disclosed its identity through social media—in a closed courtroom, while piping a live audio feed of the hearing in an adjacent courtroom.  The foreperson testified anonymously, insofar as the courtroom was closed and the foreperson's identity was not revealed.  The foreperson was questioned, however, about its social media posts and about specific answers in its written juror questionnaire.  A transcript of that testimony is publicly available.

## **THE GOVERNMENT'S POSITION**

In light of the foregoing legal principles and the procedures previously adopted in this case, it is the government's position that the petitioner's motion should be granted in part and denied in part.

First, that part of the petitioner's motion seeking access to jurors' responses to the written questionnaires should be granted in part.  Based on the presumptive right of public access to voir dire, the public should be granted access to juror questionnaires.  However, to protect juror privacy, and specifically to protect jurors from the continued threat of harassment and intimidation—as articulated in the Court's February 25, 2020, *Waller* findings—the questionnaires and transcripts should be redacted to remove personal identifying information and any other responsive

4

information, such as place of employment or place of residence, which could be used to readily identify a juror. Although not requested by the petitioner, we note that the same reasoning applies to the transcripts of courtroom voir dire, because, as explained above, there is no meaningful distinction between voir dire in a courtroom and voir dire in a juror questionnaire. The government stands ready to propose and prepare such redactions.

Second, that part of the petitioner's motion seeking public access to the foreperson's juror identification number—but no other juror's identification number—should basically be granted. Because the foreperson has publicly identified itself and was questioned publicly in the hearing on the defendant's new trial motion about substantive answers in its questionnaire, and further because the foreperson's questionnaire is at the center of a new trial motion in which there is a substantial public interest, the public should be granted access to the information necessary to associate the foreperson's questionnaire with the foreperson itself. To the extent the foreperson's juror identification number could be used to actually identify the foreperson, however, the Court could substitute disclosure of the juror identification number with some other mechanism to associate the foreperson with the foreperson's questionnaire.

## **CONCLUSION**

The presumptive right of public access to voir dire in a criminal trial must be balanced against the criminal justice system's substantial interest in safeguarding juror privacy and protecting jurors from harassment and intimidation. Here, that balance can be achieved by granting public access to redacted juror questionnaires and transcripts, as set forth above.

6

        Respectfully submitted,

        TIMOTHY J. SHEA
        D.C. Bar No. 437437
        United States Attorney for the
        District of Columbia

By: */s/ J.P. Cooney*
        J.P. COONEY, D.C. Bar No. 494026
        Assistant United States Attorney
        Chief, Fraud & Public Corruption Section

        */s/ John D. Crabb*
        JOHN D. CRABB JR., N.Y. Bar #2367670
        Assistant United States Attorney
        Acting Chief, Criminal Division

## **CERTIFICATE OF SERVICE**

I hereby certify that this pleading was served on counsel for all parties via ECF on March 24, 2020.

>*/s/ J.P. Cooney*
>J.P. COONEY, D.C. Bar No. 494026
>Assistant United States Attorney
>Chief, Fraud & Public Corruption Section