# DECLARATION OF JUROR A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: JUROR QUESTIONNAIRES IN UNITED STATES V. STONE | Civil Action No.  1:20-mc-00016-ABJ<br><br>**DECLARATION OF JUROR A**<br><br>Hon. Amy Berman Jackson |

## <u>DECLARATION OF JUROR A</u>

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.  I served as a juror in *United States v. Stone*, 1:19-cr-00018-ABJ-1.  I make this declaration based on my personal knowledge and observations of my jury service.

2.  As part of the jury selection process, I completed a jury questionnaire on September 12, 2019.  On November 5, 2019, I was subject to oral examination by the Court and by counsel for the defense and prosecution, which included questions about the information I disclosed on my questionnaire.

3.  At the time I completed the jury questionnaire, I believed that the information I disclosed in the questionnaire would be kept private and confidential.  My belief was based on the following:

    a.  Judge Jackson stated that both sides had agreed to keep the questionnaires confidential.

    b.  The Judge also said that she wanted the jurors to be honest in completing the questionnaire, and that keeping the questionnaires confidential would ensure that

the jurors completed the questionnaires honestly.  The Judge also explained that the questionnaires were to help screen out people that would be unable to serve on the jury.

    c.  My interpretation of the instructions was that I could be uninhibited in completing the questionnaire, without being concerned that the answers I gave would become public.

4.  My understanding that the questionnaires would be kept confidential induced me to be especially forthcoming regarding the amount of detail I provided in my responses without inhibition.

5.  The information I disclosed is highly identifying.

6.  After the jury rendered its verdict, Judge Jackson came into the jury room and spoke with the jurors.  During that conference, one of the jurors asked the Judge whether someone from the public or public could access our information.  I recall that the Judge responding that the jurors could speak to the press if we chose to, but that she would try to protect our anonymity.

7.  Because of my concerns about possible harassment, intimidation and attacks on my personal security, I have not made and likely would not any time soon want to make any public statements or social media comments, or spoken with anyone from the press, about my jury service.  I do not want my identity exposed, and I do not want the public to have access to my jury questionnaire.

8.  I feel that serving on the jury was a true privilege and an opportunity to demonstrate my values as an American citizen.  It frustrates me that I have had to listen to people in the press trying to smear or distort what we did as jurors performing our civic duty.

9.  I respectfully state that, because of the actual and realistic potential that I could be subject

    to harassment if my juror questionnaire is publicly released, I believe my privacy and

    security rights and interests should be respected, in practice, by the Court, counsel for the

    parties, and the criminal trial process.  Accordingly, I do not wish my juror questionnaire

    to be released to the public.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  April 13, 2020

                                              /s/ Juror A
                                              Juror A

# DECLARATION OF JUROR B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: JUROR QUESTIONNAIRES IN UNITED STATES V. STONE | Civil Action No.  1:20-mc-00016-ABJ <br><br> **DECLARATION OF JUROR B** <br><br> Hon. Amy Berman Jackson |

## <u>DECLARATION OF JUROR B</u>

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I served as a juror in *United States v. Stone*, 1:19-cr-00018-ABJ-1.  I make this declaration based on my personal knowledge and observations of my jury service.

2. As part of the jury selection process, I completed a jury questionnaire on September 12, 2019.  On November 5, 2019, I was subject to oral examination by the Court and by counsel for the defense and prosecution, which included questions about the information I disclosed on my questionnaire.

3. When I completed my jury questionnaire, I thought that it was private and confidential, based on the following:

    a. When I was handed the 20-page jury questionnaire, I recall being told repeatedly that it would be kept confidential and completely private, and that our names were only to be located on the last page where we signed.

    b. It was my understanding that last page of the questionnaire with our names would be removed before circulating the questionnaires to the attorneys, and that the

attorneys could ask us questions about our questionnaires without our names attached.

4. Relying on the repeated assurances of confidentiality, I completed the questionnaire by writing down everything I could think of that was accurate and responsive to the questions.  That included different pieces of information in my questionnaire that are personal and identifiable. I think that various portions of the questionnaire could identify me and my family.

5. The information I disclosed in my questionnaire is highly personal. I do not want this information revealed to the public.

6. After the trial, Judge Jackson came into the jury room to speak with the jurors.  One of the jurors asked whether the questionnaires would be kept confidential.  The Judge stated that she would try to keep the questionnaires sealed or to redact any identifying information, but she could not foresee a reason why anyone would need access to the questionnaire.

7. When I learned that someone was seeking to access the juror questionnaires, I was concerned that my family would be exposed to harassment.

8. Since the trial has ended, I learned about the salacious things that some Internet attack personalities had posted about the jurors in the trial.  I do not feel that any of the information was presented in a balanced or reasonable way. In my view, those internet attacks were horribly unfair and I fear that information from my juror questionnaire could be similarly taken out of context to tell a false story.

9. Due to this environment, I feel extremely vulnerable.  I am concerned about how public exposure could impact those close to me – my family, my job, and my neighbors.  I did

2

not seek to be a juror in the Roger Stone trial.  I reported for jury duty to fulfill by civic responsibility knowing nothing about the court's docket.  I was then compelled to reveal personal information which I believed would be kept confidential.  Now, I am frightened that someone could harm my family simply because I was summoned and then chosen to serve on the jury.

10. I respectfully state that, because of the actual and realistic potential that I could be subject to harassment if my juror questionnaire is publicly released, I believe my privacy and security rights and interests should be respected, in practice, by the Court, counsel for the parties, and the criminal trial process.  Accordingly, I do not wish my juror questionnaire to be released to the public.

I declare under penalty of perjury that the foregoing is true and correct.


Date:  April 14, 2020

/s/ Juror B_____

Juror B

# DECLARATION OF JUROR C

# IN THE UNITED STATES DISTRICT FGHDFGH
## FOR THE DISTRICT OF COLUMBIA

IN RE: JUROR QUESTIONNAIRES IN
UNITED STATES V. STONE

Civil Action No.  1:20-mc-00016-ABJ

**DECLARATION OF
JUROR C**

Hon. Amy Berman Jackson

## DECLARATION OF JUROR C

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I served as a juror in *United States v. Stone*, 1:19-cr-00018-ABJ-1.  I make this declaration based on my personal knowledge and observations of my jury service.

2. As part of the jury selection process, I completed a jury questionnaire on September 12, 2019.  On November 5, 2019, I was subject to oral examination by the Court and by counsel for the defense and prosecution, which included questions about the information I disclosed on my questionnaire.

3. I understood that there would be precautionary measures taken to keep my personal information and identity confidential, based on the following:

   a. At the time of jury selection, both the Judge and the Courtroom Deputy gave assurances that our questionnaires would be kept confidential as much as possible due to the high-profile nature of the case.

   b. During the trial, the Court took precautions to protect us.  Every day, we arrived at a specified location and were taken to the courthouse by security officers.

    c.  After the trial, the Judge came back to the jury deliberation room to thank us for our service.  Jurors asked the Judge what would happen to their personal information, since they were concerned for the safety of themselves and their families.

4.  I am particularly concerned about certain pieces of information in my questionnaire becoming known to the public, as they are personally identifying even if they are not associated with my name.

5.  I am concerned about by privacy, and I am also concerned about my physical safety and about being harassed.

    a.  I saw the example of what happened to the foreperson when she was identified, and I believe that if the public gets ahold of the questionnaires, some people will go after the jurors and tear us to pieces.

    b.  Since being selected as a juror, I have received phone calls at inappropriate hours and throughout the day.  I will not pick up the calls, but I suspect that it may be people calling about this case.  Whenever the topic of this case hits the media, the phone calls increased significantly.  I am concerned that the phone calls are just the beginning.  If my identity is exposed, I do not know what some people are capable of.

6.  My jury service was a learning experience, and I would not give it up for anything.  I served willingly, but I did not sign up for what it has become.  I find the current situation disheartening.

7.  I respectfully state that, because of the actual and realistic potential that I could be subject to harassment if my juror questionnaire is publicly released, I believe my privacy and

security rights and interests should be respected, in practice, by the Court, counsel for the

parties, and the criminal trial process.  Accordingly, I do not wish my juror questionnaire

to be released to the public.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  April 13, 2020

/s/ Juror C                     

Juror C

# DECLARATION OF JUROR D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: JUROR QUESTIONNAIRES IN UNITED STATES V. STONE | Civil Action No.  1:20-mc-00016-ABJ **DECLARATION OF JUROR D** Hon. Amy Berman Jackson |

**DECLARATION OF JUROR D**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.  I served as a juror in *United States v. Stone*, 1:19-cr-00018-ABJ-1.  I make this declaration based on my personal knowledge and observations of my jury service.

2.  As part of the jury selection process, I completed a jury questionnaire on September 12, 2019.  On November 5, 2019, I was subject to oral examination by the Court and by counsel for the defense and prosecution, which included questions about the information I disclosed on my questionnaire.

3.  At the time I completed the jury questionnaire, I thought that my identity would be protected.  Judge Jackson told the jurors that we would be identified only by our juror numbers.  It was my impression that our names would not be attached to the copies of the questionnaires that were circulated to the lawyers.

4.  Based on that understanding, I disclosed several items in my questionnaire that would concern me if the public got access to them. These items are personally identifying, even if they are not attached to my name.

5. During the trial, there were discussions amongst the jurors about whether our names would get out. Some of the jurors asked the courtroom deputy, Mr. Haley, who reported from Judge Jackson that the Court would wipe the jurors' names from the record.

6. Even if my name is removed from the questionnaire, I am concerned that someone could still identify me using the employment and other information I shared in my questionnaire.

7. Given that the case involved criminals and intimidation, I am extremely fearful of what would happen if my identity were to be exposed. I fear that people would show up to my home, workplace, or my family member's workplace. I do not feel comfortable with people knowing where I live and being able to approach my family and me.

8. Due to these concerns, I have not spoken with the press or posted anything publicly about my jury service. I will never post anything about the trial or my experience as a juror on any social media account because I am concerned about harassment and threats.

9. I respectfully state that, because of the actual and realistic potential that I could be subject to harassment if my juror questionnaire is publicly released, I believe my privacy and security rights and interests should be respected, in practice, by the Court, counsel for the parties, and the criminal trial process. Accordingly, I do not wish my juror questionnaire to be released to the public.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  April 14, 2020

/s/ Juror D
Juror D

# DECLARATION OF JUROR E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: JUROR QUESTIONNAIRES IN UNITED STATES V. STONE | Civil Action No.  1:20-mc-00016-ABJ  **DECLARATION OF JUROR E**  Hon. Amy Berman Jackson |

## <u>DECLARATION OF JUROR E</u>

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.  I served as a juror in *United States v. Stone*, 1:19-cr-00018-ABJ-1.  I make this declaration based on my personal knowledge and observations of my jury service.

2.  As part of the jury selection process, I completed a jury questionnaire on September 12, 2019.  On November 5, 2019, I was subject to oral examination by the Court and by counsel for the defense and prosecution, which included questions about the information I disclosed on my questionnaire.

3.  At the time I completed the jury questionnaire, my understanding was that the questionnaires would not be released to the public and that not even counsel for the parties would know our names.

    a.  I recall being told that the last page, which listed our names, would not be shared with anyone, and that it would be removed before it was shared with the lawyers.

b. I see the questionnaire responses as the equivalent of a private bench conference during oral questioning. If I had been asked certain questions orally, I believe I would have requested the white noise machine.

4. During the trial itself, Judge Jackson went to great lengths to make sure that the press did not harass or bother the jurors. We received even more protection throughout the trial, as the situation got more intense.

5. I included several pieces of highly personal information on my juror questionnaire that I do not want released to the public.

6. Given the current climate of polarization and harassment, I do not want to draw any attention to myself, my family, or my employer in any way, shape, or form. It is intimidating when the President of the United States attacks the foreperson of a jury by name.

7. Serving on a jury was no small sacrifice, and it involved leaving work and disrupting my normal life for days on end. But I took my duty as a juror seriously, and I am grateful for having the opportunity to serve. The threat of being exposed and harassed for jury service creates a situation where people may not be willing to serve as jurors.

8. I respectfully state that, because of the actual and realistic potential that I could be subject to harassment if my juror questionnaire is publicly released, I believe my privacy and security rights and interests should be respected, in practice, by the Court, counsel for the parties, and the criminal trial process. Accordingly, I do not wish my juror questionnaire to be released to the public.

I declare under penalty of perjury that the foregoing is true and correct.

2

Executed on:  April 14, 2020

/s/ Juror E
Juror E

# DECLARATION OF JUROR F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: JUROR QUESTIONNAIRES IN UNITED STATES V. STONE | Civil Action No.  1:20-mc-00016-ABJ<br><br>**DECLARATION OF**<br>**JUROR F**<br><br>Hon. Amy Berman Jackson |

## <u>DECLARATION OF JUROR F</u>

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I served as a juror in *United States v. Stone*, 1:19-cr-00018-ABJ-1.  I make this declaration based on my personal knowledge and observations of my jury service.

2. As part of the jury selection process, I completed a jury questionnaire on September 12, 2019.  On November 5, 2019, I was subject to oral examination by the Court and by counsel for the defense and prosecution, which included questions about the information I disclosed on my questionnaire.

3. At the time I completed the jury questionnaire, my understanding was that counsel for the parties had access to the questionnaires but that the questionnaires would not be released to the public or the press.

4. I recall receiving assurances that the questionnaires would be kept confidential, and that the information in the questionnaires would not be tied to the juror names or numbers.

5.  Based on my understanding that the questionnaires would be kept confidential, I disclosed several pieces of information in my questionnaire that could be used to identify me or my family members.

6.  In the current political atmosphere, I do not want my questionnaire to become public because of how individuals on both sides of the aisle might twist the information.

7.  I found the experience of serving on a jury fascinating, and I enjoyed seeing the justice system at work.  It was fair for me to have to fill out the questionnaire to help the lawyers choose a jury, but it would not be fair for my questionnaire to become public or for my name to be associated with it.

8.  I respectfully state that, because of the actual and realistic potential that I could be subject to harassment if my juror questionnaire is publicly released, I believe my privacy and security rights and interests should be respected, in practice, by the Court, counsel for the parties, and the criminal trial process.  Accordingly, I do not wish my juror questionnaire to be released to the public.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  April 14, 2020

/s/ Juror F
Juror F

2

# DECLARATION OF JUROR G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: JUROR QUESTIONNAIRES IN UNITED STATES V. STONE | Civil Action No.  1:20-mc-00016-ABJ<br><br>**DECLARATION OF**<br>**JUROR G**<br><br>Hon. Amy Berman Jackson |

## <u>DECLARATION OF JUROR G</u>

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.  I served as a juror in *United States v. Stone*, 1:19-cr-00018-ABJ-1.  I make this declaration based on my personal knowledge and observations of my jury service.

2.  As part of the jury selection process, I completed a jury questionnaire on September 12, 2019.  On November 5, 2019, I was subject to oral examination by the Court and by counsel for the defense and prosecution, which included questions about the information I disclosed on my questionnaire.

3.  My belief at the time I completed the jury questionnaire was that the questionnaires would remain private and confidential.  I formed this belief because:

    a.  The questionnaire itself said that it would be confidential.

    b.  Judge Jackson said at some point that she would try to make sure the questionnaires remained confidential.

    c.  I had the impression that the last page of the questionnaire, with our names, would be removed before distribution to counsel for the parties.

4.  I was especially forthcoming about details regarding certain sensitive topics without inhibition as a result of the promises of confidentiality.

5.  After the trial ended, I witnessed how unfairly some quarters of the Internet treated the foreperson who spoke out publicly about the case.  I felt that it was important to defend the foreperson and the jury's fair and rigorous deliberation process, so I spoke with several news outlets.

6.  After I appeared publicly, I received negative messages on social media and a concerning postcard sent to my house.  The postcard reads: "[Juror G]—thanks so much for being dumb enough to try to rationalize the selective prosecution of Roger Stone.  Take comfort knowing the fraud is helping trump with fair-minded moderates…'thanks again, dummy.'"[1]  This message is an implied threat, indicating that the sender knows where I live.

7.  I do not want information about my work or my family being broadcast widely.  I have a strong interest in keeping my jury questionnaire confidential, to ensure that my family and employer do not face harassment or threats.

8.  It felt important to take the case seriously, and I am very proud of the work that we did as jurors.

9.  However, attacks on the process and attacks on jury service felt to me like attacks on core values of us as a society and as a republic.  I am concerned about the potential impact that attempts to expose and harass jurors could have on other people's willingness to serve and to answer questions honestly.

---

[1] Photographs of the front and back of the postcard postmarked February 28, 2020, are attached as Exhibit A.

10. Additionally, given the implied threat that I received, I am concerned about the potential for threats or negative actions against other members of this jury who have not spoken publicly or revealed their participation in this case.

11. I respectfully state that, because of the actual and realistic potential that I could be subject to harassment if my juror questionnaire is publicly released, I believe my privacy and security rights and interests should be respected, in practice, by the Court, counsel for the parties, and the criminal trial process.  Accordingly, I do not wish my juror questionnaire to be released to the public.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  April 15, 2020

/s/ Juror G
Juror G

# EXHIBIT A TO THE DECLARATION OF JUROR G

Thanks so much for being smart enough to try to rationalize prosecution of elective Store the f Roger knowing Trump websites comfort's helpinled in 2000. fraud's fair-mind in Escapinih apei'll Thanks Darlay



# DECLARATION OF JUROR H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE: JUROR QUESTIONNAIRES IN
UNITED STATES V. STONE

Civil Action No.  1:20-mc-00016-ABJ

**DECLARATION OF
JUROR H**

Hon. Amy Berman Jackson

## <u>DECLARATION OF JUROR H</u>

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I served as a juror in *United States v. Stone*, 1:19-cr-00018-ABJ-1.  I make this declaration based on my personal knowledge and observations of my jury service.

2. As part of the jury selection process, I completed a jury questionnaire on September 12, 2019.  On November 5, 2019, I was subject to oral examination by the Court and by counsel for the defense and prosecution, which included questions about the information I disclosed on my questionnaire.

3. At the time I completed the jury questionnaire, my understanding was that it would be confidential.  I did not know that our questionnaire or any information about us would ever be part of the public record.

4. Knowing that the questionnaire was being sealed and my information was private, I answered each question not only truthfully and completely, but in great uninhibited detail.

5. I disclosed private and highly identifying information in my questionnaire.

6.  I am a private person, and I do not want my information or my family member's information to become public.  I try to stay away from danger, but now it seems like the danger is coming to me.

7.  This whole situation blows me away, because all that I expected before the trial was simply appearing for jury duty.  I feel that I should be protected for performing my civic duty.

8.  I respectfully state that, because of the actual and realistic potential that I could be subject to harassment if my juror questionnaire is publicly released, I believe my privacy and security rights and interests should be respected, in practice, by the Court, counsel for the parties, and the criminal trial process.  Accordingly, I do not wish my juror questionnaire to be released to the public.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  April 14, 2020

/s/ Juror H _____
Juror H

# DECLARATION OF JUROR I

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: JUROR QUESTIONNAIRES IN UNITED STATES V. STONE | Civil Action No.  1:20-mc-00016-ABJ<br><br>**DECLARATION OF JUROR I**<br><br>Hon. Amy Berman Jackson |

## <u>DECLARATION OF JUROR I</u>

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.  I served as a juror in *United States v. Stone*, 1:19-cr-00018-ABJ-1.  I make this declaration based on my personal knowledge and observations of my jury service.

2.  As part of the jury selection process, I completed a jury questionnaire on September 12, 2019.  On November 5, 2019, I was subject to oral examination by the Court and by counsel for the defense and prosecution, which included questions about the information I disclosed on my questionnaire.

3.  When I completed the questionnaire, I had an understanding that the questionnaires would be kept confidential:

    a.  I recall being instructed not to put our names on any pages other than the last page, which would be kept separate from the rest of the questionnaire.

    b.  I thought that our names would be kept separate from the attorneys.

4.  The Court took other steps to ensure our anonymity during the trial:

    a. During the trial, we met at a secret location in the morning. From there, marshals guarded us and took us to the courtroom through back ways.

    b. Even after the case was over, Judge Jackson spoke with us and said that the attorneys might want to speak to us and asked if we wanted to be contacted. We all told her that we did not want to be contacted. She assured us that was fine, and that she would make sure we were not contacted by the attorneys.

5. If I had known that the jury questionnaire might be made public, I would have been more inhibited about providing information in such detail, since much of the information could be personally identifying even without my name.

6. I am concerned about harassment, and particularly people who want to run the jurors names' through the mud. I did my civic duty, and now I just want to move on with my life.

7. I respectfully state that, because of the actual and realistic potential that I could be subject to harassment if my juror questionnaire is publicly released, I believe my privacy and security rights and interests should be respected, in practice, by the Court, counsel for the parties, and the criminal trial process. Accordingly, I do not wish my juror questionnaire to be released to the public.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  April 15, 2020

                            /s/ Juror I
                            Juror I

# DECLARATION OF JUROR J

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: JUROR QUESTIONNAIRES IN UNITED STATES V. STONE | Civil Action No.  1:20-mc-00016-ABJ<br><br>**DECLARATION OF JUROR J**<br><br>Hon. Amy Berman Jackson |

## DECLARATION OF JUROR J

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I served as a juror in *United States v. Stone*, 1:19-cr-00018-ABJ-1.  I make this declaration based on my personal knowledge and observations of my jury service.

2. As part of the jury selection process, I completed a jury questionnaire on September 12, 2019.  On November 5, 2019, I was subject to oral examination by the Court and by counsel for the defense and prosecution, which included questions about the information I disclosed on my questionnaire.

3. Before filing out the jury questionnaire, I understood that it was going to be used by the lawyers and otherwise be kept confidential.  That seemed to be the agreement between the prosecution and the defense.  I formed this understanding based on the following:

    a. The Court told the jurors that the information would be private, and only used by the lawyers in this case.

b.   I believe that the Court and the parties were using the questionnaires as a tool to help better understand the jurors because there were so many of us from which to choose.

c.   I also recall several jurors asking about confidentiality several times throughout the course of the trial, including one instance where Judge Jackson spoke with us.

4.   In completing the questionnaire, I listened to the Judge and followed her rules.  I answered honestly and thoroughly.  I spent a great deal of time in filling out the questionnaire, and I wanted to ensure I gave answers that were thoroughly complete and accurate.

5.   Absent the Court's assurances of confidentiality, I would certainly have answered truthfully, but I would have been more inhibited about the degree of detail I provided.

6.   Even without my name being attached to the jury questionnaire, there is enough information in my answers that anyone could figure out who I am as a result of the very substantial detail I provided.  Further, the questionnaire contains enough information about my family that their right to privacy would be violated as well if the questionnaire was revealed publicly.

7.   I fear personal threats and attacks from partisan channels.  I have seen what Judge Jackson, other jurors, and many others have had to deal with over the past three years, and it scares me.

8.   I filled out the jury questionnaire in good faith.  I was told that it would not be made public and would only be used by the Judge, prosecution, and defense.  No one should be allowed to use us—publicizing our lives and maybe ruining our careers—so that they can tweet or post bogus innuendo about this case.

2

9.  I respectfully state that, because of the actual and realistic potential that I could be subject to harassment if my juror questionnaire is publicly released, I believe my privacy and security rights and interests should be respected, in practice, by the Court, counsel for the parties, and the criminal trial process.  Accordingly, I do not wish my juror questionnaire to be released to the public.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  April 15, 2020

                                             /s/ Juror J_____
                                              Juror J

3

# DECLARATION OF JUROR K

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE: JUROR QUESTIONNAIRES IN
UNITED STATES V. STONE

Civil Action No.  1:20-mc-00016-ABJ

**DECLARATION OF
JUROR K**

Hon. Amy Berman Jackson

## <u>DECLARATION OF JUROR K</u>

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I served as a juror in *United States v. Stone*, 1:19-cr-00018-ABJ-1.  I make this declaration based on my personal knowledge and observations of my jury service.

2. As part of the jury selection process, I completed a jury questionnaire on September 12, 2019.  On November 5, 2019, I was subject to oral examination by the Court and by counsel for the defense and prosecution, which included questions about the information I disclosed on my questionnaire.

3. When I completed the questionnaire, I expected that it would be kept confidential by counsel and the Court.

4. If I had known that the questionnaires would become public, I would likely have been more inhibited about listing certain personal information about other people who are connected to me, since their stories are not mine to tell.

5. After the trial, I posted on social media about the trial.  Although several members of the media contacted me, I only spoke to the press to confirm the authenticity of the post.  I

stopped responding publicly when the media attention felt frenzied.  I have not spoken
with the press since.

6.  Since then, I have received a dizzying volume of messages on my social media accounts,
email, and even home address.  I have been subject to significant harassment, including:

    a.  I received a letter that reads: "Thank you so <u>very</u> much for being as stupid as you
must be! Your ignorance that your online history would surface, proves once
again: You buffoons are a joke. Look forward to the day <u>you</u> are on trial you
idiot—"[1]

    b.  I received several insulting emails, two of which accused me of perjury.

    c.  I have been named and attacked by the President of the United States on Twitter,
as well as by certain news hosts and many others.

7.  After facing this barrage of harassment, I still feel unsafe.  Any more information
connected to me that becomes public puts me in more danger, and puts the people I
identified in my questionnaire in danger without any legitimate reason.

8.  I respectfully state that, because of the actual and realistic potential that I could be subject
to harassment if my juror questionnaire is publicly released, I believe my privacy and
security rights and interests should be respected, in practice, by the Court, counsel for the
parties, and the criminal trial process.  Accordingly, I do not wish my juror questionnaire
to be released to the public.

I declare under penalty of perjury that the foregoing is true and correct.

---

[1] Photographs of the letter dated February 14, 2020, the envelope in which the letter arrived, and
two businesses cards that were included in the envelope are attached as Exhibit A.  The United
States Marshall Service has the original.

2

Executed on:  April 13, 2020

/s/ Juror K                                         
Juror K

# EXHIBIT A TO THE DECLARATION OF JUROR K

2/14/20

[redacted] _____

Thank you so very much for being as stupid as you must be! Your ignorance that your online history would surface, proves once again. You buffoons are a joke. Look forward to the day you are on trial you idiot ——

All our Love,

J + D

20011-960802

ORLANDO FL 328

14 FEB 2020 PM 7 L

# DECLARATION OF JUROR L

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: JUROR QUESTIONNAIRES IN UNITED STATES V. STONE | Civil Action No.  1:20-mc-00016-ABJ<br><br>**DECLARATION OF JUROR L**<br><br>Hon. Amy Berman Jackson |

**<u>DECLARATION OF JUROR L</u>**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I served as a juror in *United States v. Stone*, 1:19-cr-00018-ABJ-1.  I make this declaration based on my personal knowledge and observations of my jury service.

2. As part of the jury selection process, I completed a jury questionnaire on September 12, 2019.  On November 5, 2019, I was subject to oral examination by the Court and by counsel for the defense and prosecution, which included questions about the information I disclosed on my questionnaire.

3. I completed the jury questionnaire based on assurances that my answers would be kept confidential.  I recall being told on numerous occasions by Judge Jackson that the questionnaires would be kept confidential.

4. In my questionnaire, I disclosed employment information that would allow someone to identify my spouse or me, including our job titles and employers.  It would be easy to figure out who I am based on that information.

5.   I have nothing to hide, but I am a private person and I do not want anyone to probe into my life.  I do not want the public to know about my family, or know where I live or work.

6.   Since being chosen as a juror, I have begun to receive many phone calls from unknown numbers.  The phone calls tend to increase when the case appears in the news.  For example, they picked up a lot the week when the jurors testified back in February.

7.   I enjoyed serving as a juror, but I did not anticipate all of this publicity surrounding the jurors.  I simply want to remain private and live my life.

8.   I respectfully state that, because of the actual and realistic potential that I could be subject to harassment if my juror questionnaire is publicly released, I believe my privacy and security rights and interests should be respected, in practice, by the Court, counsel for the parties, and the criminal trial process.  Accordingly, I do not wish my juror questionnaire to be released to the public.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  April 13, 2020

                                                     /s/ Juror L                                        
                                                      Juror L